**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINDY JACOBSON, | CIVIL ACTION NO. 08-1970 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

**COOPER, District Judge**

Plaintiff, Mindy Jacobson, individually and on behalf of her minor child, Samantha Jacobson, brought this action in federal court to enforce a garnishment order entered in the Superior Court of New Jersey for child support to the benefit of Samantha Jacobson against the defendants, Estate of Steven Tetz, Dawn Houck, and the United States of America ("Government"). (Dkt. entry no. 1, Compl., at 1.) The Government now moves, inter alia, to dismiss the complaint insofar as asserted against it pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (Dkt. entry no. 6.) The Court determines the motion on briefs without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will (1) grant the part of the motion seeking to dismiss the complaint insofar as asserted against the Government under Rule 12(b)(1), (2) deny the remaining parts of

the motion without prejudice, and (3) dismiss the entire complaint without prejudice to reinstate in state court.

## BACKGROUND

Plaintiff is the biological mother, and Steven Tetz ("Tetz") is the biological father, of Samantha Jacobson.  (Compl., at 1.) Plaintiff alleges that on or about December 18, 1998, a state court order was entered requiring Tetz to pay child support for the benefit of Samantha Jacobson.  (Id. at 3.)  Plaintiff asserts that on or about August 10, 2004, the New Jersey Department of Human Services, Office of Child Support sent a notice to the Social Security Administration of a state court order for income withholding that had been entered against Tetz to garnish child support monies ("Garnishment Order").  (Id.)  Further, Plaintiff alleges that in September or October of 2007 the Social Security Administration made a substantial retroactive award of Social Security disability benefits to Tetz, and did not garnish any of this award to satisfy child support arrears.  (Id.)  On March 13, 2008, Tetz died.  (Id.)  As of April 9, 2008, Tetz was in arrears on his child support payments in the amount of $79,546.00.  (Id.)

Plaintiff alleges that the Government, through the Social Security Administration, failed to comply with the Garnishment Order, and is liable for the amount of money that should have been withheld to satisfy child support arrears.  (Id. at 4.)

The Government now moves, inter alia, to dismiss the complaint insofar as asserted against it pursuant to Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction because plaintiff failed to comply with the requirement of the Federal Tort Claims Act ("FTCA") that a plaintiff exhaust all administrative remedies before filing a complaint in federal court.  (Dkt. entry no. 6, Gov't Br., at 8-9.)  Plaintiff opposes the motion, arguing that, inter alia, (1) the FTCA is inapplicable, and (2) jurisdiction is established under 42 U.S.C. § 659.  (Dkt. entry no. 7, Pl. Br., at 10.)

**DISCUSSION**

**I.   Legal Standards**

   **A.   Rule 12(b)(1) Standard**

A defendant may move to dismiss a claim for lack of subject matter jurisdiction at any time.  Fed.R.Civ.P. 12(b)(1); Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437-38 (D.N.J. 1999).  A defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction.  Id. at 438.  Under this standard, the Court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.  Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med.

Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint. Iwanowa, 67 F.Supp.2d at 438. Under this standard, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000) (quotation and citation omitted). The Court may consider affidavits, depositions, and testimony to resolve factual issues, and weigh the evidence and satisfy itself as to the existence of its power to hear the case. Iwanowa, 67 F.Supp.2d at 438. A defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed. Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990).

**B.   The FTCA and Exceptions**

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (quotation and citation omitted).

Further, "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed." Id. (quotation and citation omitted). Sovereign immunity, therefore, deprives a court of subject matter jurisdiction over a claim against the United States unless a statute grants an express waiver of immunity. United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000) (asserting that "federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit"); Perez v. United States, No. 06-1508, 2007 WL 1489816, at *1 (D.N.J. May 21, 2007) (noting that "[a]bsent a specific waiver of sovereign immunity[,] the courts lack subject matter jurisdiction over claims against the federal government."), aff'd, 269 Fed.Appx. 207 (3d Cir. 2008).

The FTCA waives sovereign immunity for claims against the United States seeking monetary damages where the injury results from a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant". 28 U.S.C. § 1346(b)(1); Perez, 2007 WL 1489816, at *1.

The FTCA has explicit exceptions to its waiver of sovereign immunity, including the requirement that a claimant first pursue available administrative remedies. 28 U.S.C. § 2675(a). Under

this exception, the FTCA waives sovereign immunity only where, before bringing an action in a federal court, a plaintiff has filed a claim with the appropriate federal agency and the agency issued a final denial of the claim.  28 U.S.C. § 2675(a); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971); Kieffer v. Vilk, 8 F.Supp.2d 387, 395 (D.N.J. 1998).  The requirement of administrative exhaustion is "jurisdictional and cannot be waived."  Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).

    **C.    42 U.S.C. § 659**

42 U.S.C. § 659 waives the Government's sovereign immunity with respect to legal proceedings to enforce garnishment orders for child support entered against federal employees.  42 U.S.C. § 659(a); Diaz v. Diaz, 568 F.2d 1061, 1063 (4th Cir. 1977).  § 659 applies not only to garnishments of wages and salaries of federal employees, but also to garnishments of disability benefits received under Title II of the Social Security Act.  Schlesner v. United States, 246 F.Supp.2d 1036, 1040 (E.D. Wis. 2003); DeTienne v. DeTienne, 815 F.Supp.394, 396-97 (D. Kan. 1993).  § 659, however, does not create a federal cause of action, and does not confer additional jurisdiction on the federal courts.  42 U.S.C. § 659(a); Stephens v. U.S. Dep't of Navy, 589 F.2d 783,

6

783 (4th Cir. 1979); Young v. Young, 547 F.Supp. 1, 2 (W.D. Tenn. 1980); Morrison v. Morrison, 408 F.Supp. 315, 317 (N.D. Tex. 1976).

**II.   Legal Standards Applied Here**

    **A.    Application of the FTCA**

The Government argues that plaintiff's failure to exhaust administrative remedies before filing this action deprives the Court of jurisdiction under the FTCA. (Gov't Br., at 8-9). Here, plaintiff did not file a claim with a federal agency before bringing this action. (Pl. Br., at 10). Because plaintiff failed to comply with the administrative exhaustion requirements of 28 U.S.C. § 2675(a), the Court finds that the FTCA does not provide a jurisdictional basis here.

Despite plaintiff's argument to the contrary, the FTCA could apply here. See Schlesner, 246 F.Supp.2d at 1039-44 (discussing plaintiff's FTCA claim against the Government for the Social Security Administration's failure to properly forward his garnished disability benefits to the appropriate recipient). Because plaintiff seeks monetary damages from the Government for an injury allegedly caused by the Social Security Administration's failure to honor the Garnishment Order, plaintiff could have framed her action under the FTCA. (Compl., at 4). See Schlesner, 246 F.Supp.2d at 1039-41.[1]

---

[1] Plaintiff should be aware of 28 U.S.C. § 2401(b), which concerns filing a timely claim with a federal agency.

### B. Application of 42 U.S.C. § 659

Plaintiff asserts that the jurisdictional basis for the action is 42 U.S.C. § 659. (Pl. Br., at 10; Compl., at 2.) § 659, however, neither provides a cause of action, nor extends the jurisdiction of federal courts. 42 U.S.C. § 659; Stephens, 589 F.2d at 783; Young, 547 F.Supp. at 2; Morrison, 408 F.Supp. at 317. Therefore, § 659 cannot be "an independent basis upon which an action can be maintained in federal district court." Morrison, 408 F.Supp. at 317. Plaintiff cannot successfully assert 42 U.S.C. § 659 as the jurisdictional basis for initiating a federal action. Thus, the Court finds that there is no subject matter jurisdiction over the action based upon 42 U.S.C. § 659.

### III. Dismissal Without Prejudice

Plaintiff may reinstate the action insofar as brought against the Government in state court. See Stephens, 589 F.2d at 783 (explaining that § 659 "waives the defense of sovereign immunity to state proceedings"); Morrison, 408 F.Supp. at 317-18 (stating that § 659 waives government's sovereign immunity from a state law garnishment action and dismissing complaint "for lack of subject matter jurisdiction without prejudice to the right of the plaintiff to bring such action in state court"). The Court will decline to exercise jurisdiction over the claims against the remaining defendants. See 28 U.S.C. § 1367(c). Plaintiff may

reinstate the action insofar as brought against the remaining defendants in state court as well.  See 28 U.S.C. § 1367(d).

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant the part of the motion seeking to dismiss the complaint insofar as asserted against the Government under Rule 12(b)(1), (2) deny the remaining parts of the motion without prejudice, and (3) dismiss the entire complaint without prejudice.  The Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper    
**MARY L. COOPER**  
United States District Judge

Dated:   August 29, 2008